**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

FARAMARZ MEHDIPOUR and ALI MEHDIPOUR,

Plaintiffs,

v.

C. CRAIG COLE & ASSOCIATES, CINDY H. TRUONG, and APRIL D. COLLINS,

Defendants.

Case No. CIV-21-00684-PRW

**ORDER**

Before the Court are two separate motions to dismiss—Defendants Cindy H. Truong and April D. Collins' Motion to Dismiss (Dkt. 5) with Plaintiffs Faramarz and Ali Mehdipour's Response in Opposition (Dkt. 12), and Defendant C. Craig Cole & Associates' Motion to Dismiss (Dkt. 6) with Plaintiffs' Response in Opposition (Dkt. 11). Since the Oklahoma County District Court entered an order of dismissal prior to the effective removal of this case from state court, the Court **REMANDS** the case back to the Oklahoma County District Court for entry of judgment and **VACATES AS MOOT** both motions to dismiss.

***Background***

Faramarz Mehdipour and Ali Mehdipour filed this case against Oklahoma County District Judge Cindy H. Truong and C. Craig Cole & Associates, generally alleging that Judge Truong and the law firm had conspired to deprive the Mehdipours of their Due

Process rights through fraudulent and bad-faith litigation. The Mehdipours later amended their complaint to also include Special Judge April D. Collins. The various defendants employed different strategies to address the suit—Judge Truong and Judge Collins decided to remove the case to federal court, while C. Craig Cole & Associates decided to seek dismissal of the case while still in state court. On July 7, 2021, Judge Truong and Judge Collins filed a Notice of Removal with this Court.[1] Two days later, on July 9, 2021, the Oklahoma County District Court ordered the case dismissed.[2] Later that same day—after the order of dismissal was entered—Judge Truong and Judge Collins notified the state court and the Medhipours of the removal to federal court by filing a "Notice of Notice of Removal" in the state court.[3]

***Discussion***

28 U.S.C. § 1446 provides the general procedure and statutory authority for removing a case from state court to federal court. Of particular relevance to this case are subsections 1446(a) and 1446(d). Subsection 1446(a) states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

[1] *See* Notice of Removal (Dkt. 1).

[2] *See* Court Order (Dkt. 6, Ex. 2).

[3] *See* Docket Sheet (Dkt. 6, Ex. 1), at 5.

Subsection 1446(d) states:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Since the process of removal is entirely a statutory right, the relevant procedures to effect removal must be followed.[4] A removal that does not fully comply with the express statutory requirements is incomplete.[5] Subsections 1446(a) and 1446(d) combine to establish three clear steps to effectuate a removal: (1) filing a notice of removal in federal court, (2) giving prompt written notice to adverse parties, and (3) filing a copy of the notice in state court. Although some courts believe that removal is effective from the time the notice of removal is filed with the federal court, the clear language of the statute itself indicates completion of all three steps is required to "effect the removal."[6] Both this Court and the Tenth Circuit have previously adopted this approach.[7] Each of the three required steps "provides important notice to a relevant actor: the federal court, the adverse parties,

---

[4] *See, e.g.*, *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1155 (D.N.M. 2015

[5] *See id.*; *see also Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999).

[6] 28 U.S.C. § 1446(d).

[7] *See Bundy v. Progressive Direct Ins. Co*, 762 F. Supp. 2d 1336, 1337 n.2 (W.D. Okla. 2011); *see also Browning v. Am. Family Mutual Ins. Co.*, 396 F. App'x 496, 505 (10th Cir. 2010) ("Under 28 U.S.C. § 1446(d) removal is effected by the defendant's taking three procedural steps: filing a notice of removal in federal court, giving prompt written notice to adverse parties and filing a copy of the notice in state court."). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

and the state court."[8] Indeed, as one leading treatise observed, it would be odd for removal to be effectuated after only the filing of notice with the federal court, since otherwise "a state court [could] be stripped of its jurisdiction even though it has not received notice of removal."[9]

Although after removal of a case from state court to federal court the state court must "proceed no further,"[10] the federal court must also give "full force and effect" to all "injunctions, orders, and other proceedings . . . in such action prior to its removal."[11] As the Supreme Court observed, "Congress clearly intended to preserve the effectiveness of state court orders after removal . . . . the federal court 'takes the case up where the State court left it off.'"[12] In other words, an order entered by the state court prior to the completion of the steps of removal—prior to the effectuation of a removal—is valid and fully enforceable. Here, the Oklahoma County District Court ordered this case dismissed after the removal process began but before all removal steps were completed. Since that

---

[8] *Browning*, 396 F. App'x at 505.

[9] 14C Wright & Miller, Federal Practice & Procedure, § 3736 Procedure for Removal—When Removal is Effective; Further Proceedings in State Court (rev. 4th ed.) (concluding "the sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that removal is not effective until the defendant has taken all the steps required by the federal statute"); *see also* American Law Institute, Study of the Division of Jurisdiction Between State & Federal Courts, Official Draft, at 357 (1969) ("It is unseemly to have state courts passing on matters, only to learn later that they had no jurisdiction.").

[10] 28 U.S.C. § 1446(d).

[11] 28 U.S.C. § 1450.

[12] *Granny Goose Foods v. Bhd. of Teamsters, Local No. 70*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880)).

order of dismissal was validly entered prior to this Court assuming jurisdiction over the case, it must be enforced.

As an order of dismissal terminated this case prior to the completion of removal as required by 28 U.S.C. § 1446 and applicable precedents, this Court cannot consider any matters in this case. Accordingly, the Court **REMANDS** the case back to the Oklahoma County District Court for an entry of judgment pursuant to the valid order of dismissal, and **VACATES AS MOOT** all pending motions filed with this Court.

**IT IS SO ORDERED** the 7th day of January 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE